UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

---------------------------------------------------------------- x
:
YIGAL COHEN HAREL, an individual; :
INTEGRAL LOGISTICS, LLC, a Florida limited :
liability company, : Civil Action No.
:
:
Plaintiffs, : **COMPLAINT FOR**
: **PATENT INFRINGEMENT**
-against- :
:
KGM INDUSTRIES CO., INC., a California :
corporation, JOHN DOES 1-10 and XYZ :
CORPORATIONS 1-10, :
:
:
:
Defendants. :
---------------------------------------------------------------- X

## INJUNCTIVE RELIEF SOUGHT

Plaintiff Yigal Cohen Harel and Plaintiff Integral Logistics, LLC, by and through their undersigned counsel, as and for their Complaint against Defendants, allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement in connection with Defendant KGM Industries Co., Inc.'s (hereinafter "KGM") making, importing, offering for sale and selling lighters and lighter inserts, including but not limited to certain of its Vector™ and Thunderbird™ lighter inserts and lighters, with a "push button" ignition that are substantially similar to the designs covered by United States design patents owned by Plaintiff Yigal Cohen Harel. KGM's infringing conduct has damaged the Plaintiffs and inflicted irreparable harm.

2. Plaintiff Yigal Cohen Harel and Plaintiff Integral Logistics, LLC seek, *inter alia*, disgorgement of KGM's profits from the sale of the infringing products and injunctive relief.

**JURISDICTION AND VENUE**

3.  This Court has original jurisdiction over the claims for patent infringement under 28 U.S.C. §§ 1331 and 1338(a) in that said claims arise under the Patent Laws of the United States, 35 U.S.C. § 1 et seq."

4.  This Court has *in personam* jurisdiction over KGM pursuant to FLA. STAT. § 48.193, in that: (a) KGM is operating, conducting, engaging or carrying on a business, in the State of Florida; (b) KGM has committed tortious acts within the State of Florida; and (c) KGM is engaged in substantial and not isolated activity within the State of Florida, whether such activity is wholly interstate, intrastate, or otherwise. .

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because KGM is a resident in this District and because a substantial part of the events giving rise to the claim occurred in this District.

**THE PARTIES**

6.  Plaintiff Yigal Cohen Harel (hereinafter "Harel"), is a resident of Florida with a residence address of 2680 Riviera Ct, Weston, Florida 33332.

7.  Plaintiff Integral Logistics, LLC (hereinafter "Integral") is a limited liability company organized and existing under the laws of the State of Florida and having a principal place of business at 4676 N. Hiatus Road, Sunrise, Florida 33351.  Harel and Integral are hereinafter collectively referred to as "Plaintiffs".

8.  Integral is a distributor of lighters and cigar accessories, including but not limited to its Zplus!$^{TM}$ lighters and lighter inserts.

9.  Upon information and belief, KGM is a corporation organized and existing under the laws of the state of California and having a principal place of business at 6016 Triangle Drive, Commerce, California 90040.

10. Upon information and belief, KGM is a manufacturer and distributor of lighters and cigar accessories, including but not limited to its Vector™ and Thunderbird™ lighters and lighter inserts.

11. Upon information and belief, Defendants John Does are individuals who reside or do or transact business in this District, and have engaged and participated in, and/or have directed, directly or contributory, the unlawful acts set forth herein. The true identities of Defendants John Does 1-10 are not presently known to Plaintiffs. Plaintiffs will amend their complaint upon discovery of the identities of such Defendants ("John Does").

12. Upon information and belief, Defendants XYZ Corporations 1-10 are businesses that reside or do or transact business in this District, and have engaged and participated in, directly or contributory, the unlawful acts set forth herein. The true identities of Defendants XYZ Corporations 1-10 are not presently known to Plaintiffs. Plaintiffs will amend their Complaint upon discovery of the identities of such Defendants ("XYZ Corps"). Hereinafter KGM, John Does and XYZ Corps are sometimes combined as "Defendants."

**FACTS COMMON TO ALL COUNTS**

13. On January 25, 2005, U.S. Patent No. D501,274 (the "'274 Patent"), entitled "Lighter", was issued by the United States Patent and Trademark Office, covering an ornamental design for the lighter. The application from which the '274 Patent issued was filed on February 24, 2004. A true and correct copy of the '274 Patent is attached as **Exhibit** "**A**" hereto.

14. On November 9, 2004, U.S. Patent No. D498,328 (the "'328 Patent"), entitled "Lighter", was issued by the United States Patent and Trademark Office, covering an ornamental design for the lighter. The application from which the '328 Patent issued was filed on February 24, 2004. A true and correct copy of the '328 Patent is attached as **Exhibit** "**B**" hereto.

15.     Harel is the sole inventor and owner of the '274 and '328 Patents.

16.     The '274 and '328 Patents are in full force and effect as of the date of this Complaint and all times relevant to the allegations herein.

17.     Integral is a licensee of the '274 and '328 Patents.

18.     Subsequent to the filing of the '274 and '328 Patents, Integral began selling lighters and lighter inserts having a "push button" ignition under its Zplus!™ trademark.

19.     Upon information and belief, subsequent to the issuance of the '274 and '328 Patents, KGM began manufacturing and selling lighters and lighter inserts having a "push button" ignition under its Vector™ and Thunderbird™ trademarks that embody the designs covered by the '274 and '328 Patents (the "Infringing Lighters"). A true and correct copy of a photograph of Integral's Zplus! lighter insert and an infringing KGM lighter insert is attached as **Exhibit "C"**.

20.     Upon information and belief, KGM currently manufactures, sells and intends to sell throughout the United States, in this State, and in this District its lighters and related products, including the Infringing Lighters. True and correct copies of pages from KGM's product catalog illustrating the Thunderbird™ lighters, including the Infringing Lighters, are attached as **Exhibit "D"** hereto.

21.     Upon information and belief, KGM operates a website at www.vectorkgm.com where it advertises, offers for sale, and sells, its lighters and cigar accessories, including the Infringing Lighters, to customers in this State and this District.

22.     Upon information and belief, KGM advertises, distributes, offers for sale and sells the Infringing Lighters through a nationwide network of authorized retailers of Vector™ lighters and Vector™ lighter refill dealers. True and correct copies of printouts from KGM website

4

illustrating that at least 61 such authorized retailers are present in this district within 50 miles of this Federal Courthouse in Miami are attached as **Exhibit "E"** hereto.

23. KGM has been on actual and constructive notice of the '274 and '328 Patents at least as early as March 30, 2012 and upon information and belief has had continuing sales of the Infringing Lighters which have been willful.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. D501,274

24. Plaintiffs re-allege and incorporate hereto by reference paragraphs 1-23 of this Complaint as though fully set forth herein.

25. Defendants have infringed and continue to infringe the claims of the '274 Patent. Defendants are infringing by making, using, selling and/or offering to sell, or allowing others to make, use, sell and/or offer for sale, in the United States or by importing into or allowing others to import into the United States, including in Florida and in this District, Infringing Lighters that are covered by one or more of the '274 Patent claims and will continue to do so unless enjoined by this Court.

26. In addition, through the sale of Infringing Lighters to others for resale, Defendants have induced infringement of the '274 Patent by others and have committed acts of contributory infringement of the '274 Patent.

27. Upon information and belief, Defendants' infringement of the '274 Patent has been willful and malicious and with actual or constructive knowledge that Harel is the owner of a patent claiming the infringed design.

28. Plaintiffs have sustained damages as a result of the infringing acts of Defendants.

29. Plaintiffs have suffered and will continue to suffer irreparable harm unless infringement of the '274 Patent is enjoined.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. D498,328

30. Plaintiffs re-allege and incorporate hereto by reference paragraphs 1-29 of this Complaint as though fully set forth herein.

31. Defendants have infringed and continue to infringe the claims of the '328 Patent. Defendants are infringing by making, using, selling and/or offering to sell, or allowing others to make, use, sell and/or offer for sale, in the United States or by importing into or allowing others to import into the United States, including in Florida and in this District, Infringing Lighters that are covered by one or more of the '328 Patent claims and will continue to do so unless enjoined by this Court.

32. In addition, through the sale of Infringing Lighters to others for resale, Defendants have induced infringement of the '328 Patent by others and has committed acts of contributory infringement of the '328 Patent.

33. Upon information and belief, Defendants' infringement of the '328 Patent has been willful and malicious and with actual or constructive knowledge that Harel is the owner of a patent claiming the infringed design.

34. Plaintiffs have sustained damages as a result of the infringing acts of Defendants.

35. Plaintiffs have suffered and will continue to suffer irreparable harm unless infringement of the '328 Patent is enjoined.

**WHEREFORE**, Plaintiffs pray that the Court:

A. Enter a judgment that Defendants have infringed, induced infringement and contributed to the infringement of U.S. Patent No. D501,274;

B. Enter a judgment that Defendants have infringed, induced infringement and contributed to the infringement of U.S. Patent No. D498,328;

21934/000/1332990

      C.      Enter a judgment for permanent injunctive relief pursuant to 35 U.S.C. § 283, enjoining Defendants, their officers, agents, servants, employees, representatives, parents, subsidiaries, affiliates, divisions, successors, assigns, and those persons or entities in active concert or participation with them from further acts of patent infringement;

      D.      Order Defendants to pay damages under 35 U.S.C. 285 and 289 to adequately compensate Plaintiffs for Defendants' patent infringement, including an award of Defendants' profits from its infringement of U.S. Patent Nos. D501,274 and D498,328, together with pre- and post-judgment interest;

      E.      Find that Defendants' patent infringement was willful and malicious and award treble damages to Plaintiffs under 35 U.S.C. 284;

      F.      Find this to be an exceptional case of patent infringement and award reasonable attorneys' fees to Plaintiffs under 35 U.S.C. 285;

      G.      Award such other and further relief as the Court deems just and equitable

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: <u>August 24, 2012</u>              Respectfully submitted,

                                                   s/ Phillip Holden
                                           Phillip E. Holden, Esq.
                                           Florida Bar No. 14395
                                           Email: phillip@integrityforjustice.com
                                           Alex Alvarez, Esq.
                                           Florida Bar No. 946346
                                           E-mail: alex@integrityforjustice.com
                                           **THE ALVAREZ LAW FIRM**
                                           355 Palermo Avenue
                                           Coral Gables, Florida 33134
                                           Telephone: (305) 444-7675
                                           Facsimile: (305) 444-0075

                                           Meichelle R. MacGregor (mrm@cll.com)

Arlana S. Cohen (asc@cll.com)
Mark Montague (mxm@cll.com)
Michael G. Gabriel (mgg@cll.com)
COWAN LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
Tel: (212) 790-9200

*Attorneys for Plaintiff*